JS-6

NOTE: CHANGES MADE BY THE COURT

JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Ani S. Garibyan, SBN: 274846
    E-mail: agaribyan@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff
OTTER PRODUCTS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>TECHNOLOGY MARKET, LLC, a Virginia Limited Liability Company; CEMAL SAMSILOVA, an Individual; and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No.: CV13-01100 MWF (VBKx)<br><br>**PERMANENT INJUNCTION ORDER AGAINST DEFENDANTS TECHNOLOGY MARKET, LLC AND CEMAL SAMSILOVA**<br><br>Complaint Filed: February 14, 2013 |

    Having reviewed the Stipulation to Issuance of Permanent Injunction entered into between Plaintiff OTTER PRODUCTS, LLC ("Plaintiff") and Defendants

1  TECHNOLOGY MARKET, LLC and CEMAL SAMSILOVA ("Defendants"),
2  and good cause appearing, the Court hereby finds as follows:

3      a.    WHEREAS Plaintiff is the owner of numerous trademarks
4  which it uses in connection with the manufacture, distribution, sale and promotion
5  of a wide range of products, including high-quality protective cases, peripherals
6  and accessories for portable electronic devices and computers. Plaintiff owns all
7  rights in and to a family of federally registered trademarks which include the
8  following, among others (collectively, "Plaintiff's Registered Marks"):

| Trademark | Reg. No. | Reg. Date |
|---|---|---|
| OTTER BOX | 2287619 | October 19, 1999 |
| [DESIGN MARK] | 3791318 | May 18, 2010 |
| OTTER BOX | 3788535 | May 11, 2010 |
| OTTERBOX | 3788534 | May 11, 2010 |
| WE'VE GOT TECHNOLOGY COVERED | 3865367 | October 19, 2010 |
| DEFENDER SERIES | 3623789 | May 19, 2009 |
| STRENGTH | 4079672 | January 3, 2012 |
| COMMUTER SERIES | 3963182 | May 17, 2011 |
| COMMUTER | 3791317 | May 18, 2010 |
| IMPACT SERIES | 3795187 | March 10, 2010 |
| REFLEX ZONE | 4111433 | March 13, 2012 |
| REFLEX SERIES | 3972039 | May 31, 2011 |
| UTILITY SERIES | 4064940 | November 29, 2011 |
| ARMOR SERIES | 3632231 | June 2, 2009 |
| PINK IS STRENGTH! | 4053182 | November 8, 2011 |
| OTTERCARES | 4101071 | February 21, 2012 |
| [DESIGN MARK] | 4116998 | March 27, 2012 |

28      2.    WHEREAS Plaintiff also has numerous pending trademarks with the

1  United States Patent and Trademark Office. The serial numbers of Plaintiff's
2  pending trademarks are as follows: 85416877; 85456430; 85458259; 85462689;
3  85483745; 85505980; 85576166; 85531307; 85505993; 85505986; 85505999;
4  85428337; 85288182; 85288187 and 85342514.

5       3.    WHEREAS on February 14, 2013, Plaintiff filed its Complaint in this
6  Civil Action No. Civil Action No. CV13-01100 MWF (VBKx) against
7  Defendants, alleging causes of action under §32(1) of the Lanham Act (15 U.S.C.
8  §1114(1)) for infringement of federally registered trademarks, under §43(c) of the
9  Lanham Act (15 U.S.C. 1125(c)) and California Business & Professions Code §
10 14247 for dilution of federally registered and common law trademarks, under
11 §43(a) of the Lanham Act (15 U.S.C. §1125(a)) for unfair competition, and under
12 the statutory and common law of the State of California to enjoin Defendants'
13 current and prospective infringement and dilution of the Plaintiff's Marks and
14 unfair competition, and to recover monetary damages resulting from those actions.

15      4.    WHEREAS Plaintiff served the summons and Complaint on
16 Defendants on February 28, 2013.

17      5.    WHEREAS Defendants represent and warrant that they have
18 potentially unknowingly sold and/or distributed at least one Product that Plaintiff
19 alleges is counterfeit, but no more than 4,387 units of allegedly counterfeit
20 Products.on eBay.com, seller ID "ustechmarket".

21      6.    WHEREAS Defendants at all times believed the products they sold
22 bearing the OTTERBOX® mark to be genuine OTTERBOX® products, but
23 concede Defendants have no way of authenticating such products.

24      7.    WHEREAS Defendants have previously ceased selling products
25 bearing the OTTERBOX® mark, so Defendants have agreed to stipulate to the
26 issuance of a permanent injunction with respect to matters referenced in the
27 Stipulation.

28      8.    WHEREAS Defendants admit that, without Plaintiff's knowledge or

consent and based on information provided to Defendants by Plaintiff, it purchased and sold in interstate commerce allegedly counterfeit and non-genuine products which displayed, infringed, and diluted Plaintiff's Marks.

9. WHEREAS the parties expressly waive any findings of fact, conclusions of law, statement of decision and any right to notice or right to be heard in any matter in connection with or arising out of the filing, rendition or entry of the Permanent Injunction Order on this Stipulation for Entry of Permanent Injunction, provided however, that no such waiver shall be deemed to exist insofar as damages are concerned, it being agreed that Defendants may offer proof in defense of Plaintiff's claims for damages. 10. WHEREAS the parties agree that the permanent injunction shall remain in full force and effect through the final disposition of this action and that any right to set aside the permanent injunction, appeal therefrom or to otherwise attack its validity is hereby waived.

NOW THEREFORE, IT IS HEREBY ORDERED THAT Defendants and its agents, employees, officers, directors, owners, attorneys, representatives, successor companies, related companies, and all persona acting in concert or participation with it, and each of them, are, through the final disposition of this action, PERMANENT ENJOINED from:

a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit OTTERBOX® product identified in the Complaint and any other unauthorized OTTERBOX® product (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

b. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the

Complaint and any other product which infringes or dilutes any Plaintiff's Mark, trade name and/or trade dress including, but not limited to, any of Plaintiff's Marks at issue in this action.

    c.    The unauthorized use, in any manner whatsoever, of any Plaintiff's trademark, trade name and/or trade dress including, but not limited to, the Plaintiff's Marks at issue in this action, any variants, colorable imitations, translations and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

        i.    on or in conjunction with any product or service; and

        ii.    on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

    d.    The use of any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendants originates from Plaintiff, or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiff or is, in some way, connected or affiliated with Plaintiff.

    e.    Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendants themselves are connected with, or is in some way sponsored by or affiliated with Plaintiff, purchases product from or otherwise has a business relationship with Plaintiff.

    f.    Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

1    g. Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of Plaintiff's Marks; and/or

   h. Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any Plaintiff's Marks or which otherwise refer or relate to Plaintiff or any of Plaintiff's Marks.

   11. This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.  In addition, Linda M. Quigley, Esq., is ORDERED to mail a copy of this executed Permanent Injunction Order to Defendant Cemal Samsilova and the registered agent for Defendant Technology Market, LLC.

   12. The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendants.

   IT IS SO ORDERED.

DATED:  March 25, 2013        _____
                              Hon. Michael W. Fitzgerald
                              United States District Court Judge

- 6 -
**PERMANENT INJUNCTION ORDER AGAINST DEFENDANTS TECHNOLOGY MARKET, LLC AND CEMAL SAMSILOVA**

g. Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of Plaintiff's Marks; and/or

h. Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any Plaintiff's Marks or which otherwise refer or relate to Plaintiff or any of Plaintiff's Marks.

11. This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.  In addition, Linda M. Quigley, Esq., is ORDERED to mail a copy of this executed Permanent Injunction Order to Defendant Cemal Samsilova and the registered agent for Defendant Technology Market, LLC.

12. The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendants.

IT IS SO ORDERED.

DATED:  March 25, 2013        _____
Hon. Michael W. Fitzgerald
United States District Court Judge